IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,   )   CR. NO. 12-00228 LEK
                            )
          Plaintiff,        )
                            )
     vs.                    )
                            )
SUZETTE ANGUAY,             )
                            )
          Defendant.        )
_____ )


**ORDER DENYING DEFENDANT SUZETTE M. ANGUAY'S
MOTION TO CONTINUE SELF-SURRENDER DATE AND STAY
OF EXECUTION OF SENTENCE, FILED JANUARY 16, 2014**

     Before the Court is Defendant Suzette M. Anguay's

("Defendant") Motion to Continue Self-Surrender Date and Stay of

Execution of Sentence, filed on January 16, 2014 ("Motion").

[Dkt. no. 107.]  Plaintiff the United States of America ("the

Government") filed its memorandum in opposition to the Motion on

January 17, 2014.  [Dkt. no. 110.]  This matter came on for

hearing on January 21, 2014.  Defendant filed a supplemental

memorandum in support of the Motion ("Defendant's Supplemental

Memorandum") on January 24, 2014, and a second supplemental

memorandum on January 27, 2014.  [Dkt. nos. 114, 113.]  The

Government filed both its response to Defendant's supplemental

memoranda ("Supplemental Memorandum in Opposition") and the

Declaration of Dr. James Pelton ("Pelton Declaration") on

February 3, 2014.  [Dkt. nos. 116, 117.]  The Court issued its

summary ruling denying the Motion on February 3, 2014, and stated

that a detailed order would be filed.  [Dkt. no. 115.]  The

instant order is this Court's decision on the Motion, and this

order supercedes the February 3, 2014 summary ruling.

After careful review of the Motion, supporting and

opposing memoranda, exhibits, and declarations, the Court HEREBY

DENIES the Motion for the reasons set forth below.

### BACKGROUND

This criminal action arises out of an indictment filed

on March 7, 2012 against Defendant charging her with eight counts

of mail fraud.  [Dkt. no. 1]  Defendant had her initial

appearance on March 8, 2012, at which time she entered a plea of

not guilty, and was released on certain conditions.  [Dkt. nos.

5, 8.]  The initial trial was scheduled for May 8, 2012, but was

continued multiple times.  Defendant's initial change of plea was

scheduled for hearing on May 31, 2012, but was continued on

numerous occasions.  This is a case fraught with numerous delays.

An evidentiary hearing was held on May 30, 2013

regarding Defendant's ability to proceed due to medical

limitations.  [Dkt. no. 66.]  This Court found that Defendant was

competent to stand trial and set this matter to commence trial on

July 23, 2013.  [Dkt. no. 67.]

On June 4, 2013, Defendant filed a motion seeking

withdrawal and substitution of counsel.  [Dkt. no. 69.]  A

hearing was held on June 10, 2013 and the motion to withdraw and

substitute counsel was granted, [dkt. nos. 71, 72,] and

Lars Peterson, Esq. was appointed as Defendant's counsel on

June 13, 2013. [Dkt. no. 74.] Shortly thereafter, Defendant

entered a plea of guilty as to Count 1 of the indictment,

pursuant to a plea agreement, on August 18, 2013. [Dkt. no. 87.]

At the sentencing hearing, held on December 9, 2013,

several victims gave tearful and emotional testimony about the

harm caused by Defendant's fraud. This Court sentenced Defendant

to forty-six months of imprisonment and ordered Defendant to

self-surrender on January 21, 2014. [Dkt. no. 99.] Judgment was

entered on December 10, 2013. [Dkt. no. 100.] On

December 20, 2013, this Court granted Defendant's unopposed

motion for an extension of time to file her notice of appeal, and

the deadline for filing her notice of appeal was extended to

January 23, 2014. [Dkt. no. 104.] The instant Motion was filed

on January 16, 2014.

## DISCUSSION

Defendant seeks to stay the execution of her sentence,

including her deadline to surrender to the custody of the Bureau

of Prisons ("BOP"), pending the outcome of her appeal of her

criminal sentence. Alternatively, she seeks reconsideration of

the sentence imposed and asks for a term of home detention.

[Def.'s Suppl. Mem. at 2.] She argues that her health condition

has "significantly decreased" since the sentencing hearing held

on December 9, 2013 and that she requires "hyper-alimentation," a form of nutrition. [Id.] As a result, she contends that the BOP-designated facility cannot provide the proper type of medical care, monitoring and treatment for her health condition. [Id.; Decl. of Counsel, Exh. 1 (Letter to defense counsel from Wes Young, M.D., dated January 24, 2014 ("Young Letter")).]

The Government, on the other hand, submits that this Court already determined that the BOP can adequately care for Defendant's health condition such that a downward departure or variance was not warranted. It further maintains that Defendant's Motion is procedurally barred and unsupported by competent evidence. [Suppl. Mem. in Opp. at 1-2.] In particular, the Government casts a skeptical eye as to Dr. Young's opinion regarding BOP's inability to provide reasonable care, and notes that Dr. Young had been Defendant's "treating physician" for all of two weeks prior to the filing of the Motion. See Young Letter at 1 (discussing when he became Defendant's new primary care physician). The Government argues that the BOP-designated facility is accredited and equipped to manage Defendant's health condition, and there are procedural safeguards available for Defendant to seek an administrative remedy if she is not satisfied with the medical care she receives at the facility. [Suppl. Mem. in Opp. at 6-7; Pelton Decl. at ¶¶ 2-3, 6-8.]

In sentencing, a court must "giv[e] both parties an opportunity to argue for whatever sentence they deem appropriate," and then "consider all of the [relevant 18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party." United States v. Wise, 515 F.3d 207, 216 (3d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 49-50 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007)). This Court did so at Defendant's sentencing hearing. Defendant raised many (if not all) of the same arguments that she presents in the instant Motion (with the exception of Dr. Young's opinions) in support of her contention that she should not be sentenced to a term of imprisonment. All relevant factors were specifically considered by this Court at the time of sentencing: whether imposing imprisonment was a sentence greater than necessary, in contravention of § 3553(a); the "kinds of sentences available," *i.e.*, why prison was chosen over home detention or probation, as mandated by § 3553(a)(3); and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant" (taking into account Defendant's medical and health conditions), as required by § 3553(a)(2)(C). Evidence was taken regarding whether BOP's resources were adequate to provide Defendant with medical care. This Court considered all the information and concluded that BOP has the capability and resources to do so. Defendant now seeks reconsideration of her sentence.

The "law of the case doctrine" generally precludes a
district court from reconsidering an issue that it, or a higher
court, has already decided in that case.  United States v. Cuddy,
147 F.3d 1111, 1114 (9th Cir. 1998).  A district court, however,

>   may have discretion to depart from the law of the
>   case if:
>
>   >   1) the first decision was clearly erroneous;
>   >   2) an intervening change in the law has
>   >   occurred; 3) the evidence on remand is
>   >   substantially different; 4) other changed
>   >   circumstances exist; or 5) a manifest
>   >   injustice would otherwise result.
>
>   [United States v.] Alexander, 106 F.3d [874,] 876
>   [(9th Cir. 1997)] (emphasis added).  A court's
>   "[f]ailure to apply the doctrine of the law of the
>   case absent one of the requisite conditions
>   constitutes an abuse of discretion."  Id.
>   (citation omitted).

Id. (some alterations in Cuddy).

In the instant Motion, Defendant essentially argues a
change in circumstances: that is, that her medical condition has
worsened and her newly-retained treating physician is of the
opinion that Federal Medical Center ("FMC") Carswell (the BOP
facility to which Defendant has been designated) "does not have
the flexibility or track record to provide urgent regular,
ongoing, and lifesaving medical care for [Defendant] that is
required to avoid the present risk of substantial
deterioration . . . ."  [Young Letter at 1.]

The Government correctly argues that Defendant
essentially contends that she now has "an extraordinary physical

impairment" which supports imposing a sentence below her

applicable guideline range.  See U.S.S.G. § 5H1.4.  This is a

factual finding that the district court must first make and, if

found, "it should then consider whether the condition warrants a

shorter term or imprisonment or an alternative to confinement."

United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir.

1993) (citations omitted).  "The ability of the Bureau of Prisons

to accommodate a disability is a factor which the district court

may consider in making this factual finding."  Id. (citing United

States v. Hilton, 946 F.2d 955, 957-59 (1st Cir. 1991); United

States v. Pozzy, 902 F.2d 133, 138-39 (1st Cir.), *cert. denied*,

498 U.S. 943, 111 S. Ct. 353, 112 L. Ed. 2d 316 (1990); United

States v. Greenwood, 928 F.2d 645 (4th Cir. 1991)).

        Here, the Government has submitted the declaration of

Dr. Pelton.  The Court finds his testimony persuasive.  In

particular, his testimony that:

• he is the "Regional Medical Director for the Western Region of
    the BOP. . . . [and is] board certified in internal
    medicine[;]" [Pelton Decl. at ¶ 1;]

• "FMC Carswell is an administrative security Federal Medical
    Center which houses female prisoners . . . . [and] is fully
    accredited by the Joint Commission on Accreditation of
    healthcare [sic] Organizations[;]" [id. at ¶ 6;]

• "FMC Carswell is a Care Level 4 facility with multiple medical
    missions, including dialysis . . . . [and] [o]n-site medical
    coverage is provided 24-hours a day, 7-days a week[;]" [id.
    at ¶ 7;]

• he reviewed Dr. Young's therapeutic plan and "[t]he two medical
    concerns that appear to be raised by Dr. Young are the

Defendant's malnutrition and need for on-going monitoring for re-occurrence of her cancer. . . . [and] [t]here is nothing exceptional or extraordinary about [Dr. Young's] diagnoses[;]" [id. at ¶ 10;]

• "FMC Carswell has the ability to provide nutritional supplementation [as identified by Dr. Young} successfully[;]" [id. at ¶ 10.a.;] and

• "FMC Carswell houses numerous individuals being treated for cancer, or who are in remission and receiving follow-up care for cancer" [id. at ¶ 10.b.].

The Court concludes that Dr. Pelton's testimony clearly establishes that FMC Carswell has provided reasonable and necessary medical care and monitoring for patients with Defendant's medical conditions, and can likewise provide her with the same.

This Court may consider other circumstances in determining whether Defendant has established that an extraordinary physical impairment exists. See Martinez-Guerrero, 987 F.2d at 620 ("A district court may consider any number of circumstances in making its finding on the question of extraordinary physical impairment under section 5H1.4." (citations omitted)). However, the only changed circumstances presented are that her health conditions have worsened since the sentencing hearing so much so that FMC Carswell cannot provide her with reasonable and necessary care. Given the Court's conclusion that FMC Carswell can provide reasonable and necessary medical care, the Court finds that Defendant does not have an extraordinary physical impairment under § 5H1.4. Further, the

Court finds that Defendant is not entitled to reconsideration of her sentence cause the changed circumstances presented do not warrant departure from the law of the case.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Defendant's Motion to Continue Self-Surrender Date and Stay of Execution of Sentence, filed on January 16, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 30, 2014.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**<u>USA VS. SUZETTE ANGUAY</u>; CR. NO. 12-00228 LEK; ORDER DENYING SUZETTE M. ANGUAY'S MOTION TO CONTINUE SELF-SURRENDER DATE AND STAY OF EXECUTION OF SENTENCE, FILED JANUARY 16, 2014**